1 | Dennis F. Moss - State Bar No. 77512
2 | Gregory N. Karasik - State Bar No. 115834
  | Spiro Moss LLP
3 | 11377 W. Olympic Boulevard, 5th Floor
  | Los Angeles, California 90064-1683
4 | Tel.: (310) 235-2468; Fax: (310) 235-2456
  | dennis@spiromoss.com
5 | greg@spiromoss.com

6 | Sahag Majarian II - State Bar No. 146621
  | Law Office of Sahag Majarian II
7 | 18250 Ventura Boulevard
  | Tarzana, California 91356
8 | Tel.: (818) 609-0807; Fax: (818) 609-0892
  | sahagii@aol.com

9 | Michael A. Gould - State Bar No. 151851
  | Aarin A. Zeif - State Bar No. 247088
10 | GOULD & ASSOCIATES
   | A Professional Law Corporation
11 | 17822 E. 17th Street, Suite 106
   | Tustin, California 92780
12 | Tel. (714) 669-2850; Fax: (714) 544-0800
   | michael@wageandhourlaw.com
13 | aarin@wageandhourlawcom

14 | Attorneys for Plaintiffs
   | MUHAMMAD WAZEER and
15 | KIMBERLEY RODRIGUEZ

16 | **UNITED STATES DISTRICT COURT**

17 | **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MUHAMMAD WAZEER and KIMBERLY RODRIGUEZ, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SOS SECURITY INCORPORATED, a New Jersey corporation; and DOES 1 through 25,<br><br>Defendants. | Case No. CV 09-1227 VBF (FFMx)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1. Failure to Pay Minimum Wages<br>2. Failure to Pay Overtime Wages<br>3. Failure to Provide Meal Periods<br>4. Failure to Allow Rest Periods<br>5. Failure to Pay All Wages Earned Every Pay Period<br>6. Failure to Provide Accurate Wage Statements<br>7. Failure to Pay Accrued Vacation Upon Termination<br>8. Failure to Pay All Wages Owed Upon Termination<br>9. Failure to Pay Final Wages Timely Upon Termination<br>10. Unfair Competition |

Plaintiffs MUHAMMAD WAZEER and KIMBERLY RODRIGUEZ ("Plaintiffs"), on behalf of themselves as individuals and on behalf of all others similarly situated, complain and allege as follows:

**INTRODUCTION**

1.      This case arises out of the failure of defendant SOS Security, Inc. ("Defendant") to comply with various wage and hour obligations under the Labor Code. Defendant does not pay security guards for off the clock work and does not provide security guards with meal periods or rest periods. As a consequence, Defendant does not pay security guards for all wages earned every pay period and Defendant fails to provide security guards with accurate wage statements. In addition, Defendant fails to pay timely all earned wages due to security guards upon termination, including accrued but unused vacation benefits.

**JURISDICTION**

2.      This Court has jurisdiction over this class action pursuant to 28 U.S.C. Section 1332(d)(2). The number of proposed class members is more than 100, the matter in controversy, exclusive of interests and costs, exceeds the sum or value of $5,000,000 and Plaintiffs are citizens of a state different from Defendant. At all times relevant to this action, Plaintiffs were and have been citizens of the state of California. At all times relevant to this action, Defendant was and has been a citizen of the state of New Jersey.

**VENUE**

3.      Venue is proper in this Court because work was performed by Plaintiffs and other class members in this District and Defendant's obligations under the Labor Code to Plaintiffs and other class members arose and were breached in this District

**THE PARTIES**

   **A.      Plaintiffs and the Class**

4.      Plaintiff Rodriguez was employed by Defendant as a non-exempt security guard from approximately June 2004 to July 2008. When she worked for Defendant,

1   Plaintiff Rodriguez's pay ranged from $9.50 to $12.00 an hour and she typically worked
2   an eight hour shift. Throughout her employment with Defendant, Plaintiff Rodriguez
3   was not paid for all time suffered or permitted to work. Plaintiff Rodriguez was
4   regularly required to attend pre-shift meetings off the clock. Throughout her
5   employment, Plaintiff Rodriguez was regularly not provided meal periods or rest
6   periods, or paid an additional hour of pay for missed meal periods or rest periods.
7   Defendant thus failed to pay Plaintiff Rodriguez all wages earned each pay period and
8   failed to provide Plaintiff Rodriguez with accurate wage statements. Defendant also
9   failed to pay Plaintiff Rodriguez all wages timely upon termination of her employment.
10  Plaintiff Rodriguez's employment with Defendant terminated on or about July 22, 2008,
11  but Defendant did not issue Plaintiff Rodriguez her final paycheck until August 8, 2008,
12  the regularly scheduled pay day for the last pay period during which Plaintiff Rodriguez
13  worked. In addition, Defendant failed to pay Plaintiff Rodriguez upon termination for
14  all of Plaintiff Rodriguez's accrued but unused vacation.

15      5.      Plaintiff Wazeer was employed as a non-exempt security guard from
16  approximately November 2007 to November 2008. When he worked for Defendant,
17  Plaintiff Wazeer's pay ranged from $9.50 to $12.00 an hour and he typically worked an
18  eight hour shift. Throughout his employment with Defendant, Plaintiff Wazeer was not
19  paid for all time suffered or permitted to work. Plaintiff Wazeer was regularly required
20  to attend pre-shift meetings off the clock. Throughout his employment, Plaintiff Wazeer
21  was regularly not provided meal periods or rest periods, or paid an additional hour of
22  pay for missed meal periods or rest periods. Defendant thus failed to pay Plaintiff
23  Wazeer all wages earned each pay period and failed to provide Plaintiff Wazeer with
24  accurate wage statements. Defendant also failed to pay Plaintiff Wazeer all wages owed
25  termination of his employment. Defendant did not issue Plaintiff Wazeer his final
26  paycheck until about a week after his termination. In addition, Defendant failed to pay
27  Plaintiff Wazeer upon termination for all of Plaintiff Wazeer's accrued but unused
28  vacation.

6.    The members of the Class are similarly situated persons who are presently employed or were formerly employed as security guards in California by Defendant who were 1) not paid for off the clock work; 2) not paid overtime for all hours in excess of eight worked in one day or forty in one week; 3) not provided meal periods or paid for missed meal periods; 4) not provided rest periods or paid for missed rest periods; 5) not paid all wages owed each pay period; 6) not provided accurate wage statements; 7) not paid all wages owed upon termination; and/or 8) not paid all earned wages timely upon termination of their employment.

**B.    Defendants**

7.    Defendant is a New Jersey corporation which maintains its principal place of business in Parsippany, New Jersey.  Defendant provides security services for businesses throughout the state of California.  Defendant was the employer of Plaintiffs and other members of the Class at the time Defendant breached its legal obligations to them as described herein, and Defendant continues to breach legal obligations owed to Class members currently employed by Defendant.

8.    Plaintiffs are ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 25, but are informed and believe and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names.  Plaintiffs will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

9.    Plaintiffs are informed and believe and thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

**CLASS ACTION ALLEGATIONS**

10.    Plaintiffs bring this action on behalf of themselves and all other similarly

situated persons as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The members of the Class belong to the Guard Class and/or the Terminated Guard Class, which are defined as follows:

> **Guard Class:** All persons employed by Defendant as a non-exempt security guard in California at any time since January 13, 2005.

> **Terminated Guard Class**: All persons employed by Defendant as a non-exempt security guard in California whose employment with Defendant ended at any time since January 13, 2005.

11. This action is brought and may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure.

a. Numerosity. The Class members are so numerous that individual joinder of all of them as plaintiffs is impractical. While the exact number of Class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon alleges that there are not less than 200 members in the Guard Class and 200 members in the Terminated Guard Class.

b. Commonality. There are questions of law or fact common to class members. These common questions include, but are not limited to:

(1) Did Defendants violate Labor Code Section 1197 by not paying minimum wages to Class members for off the clock work?

(2) Did Defendants violate Labor Code Section 510 by not paying overtime wages to Class members for all hours worked in excess of eight in one day?

(3) Did Defendants violate Labor Code Section 512 by not providing Class members with meal periods?

(4) Did Defendants violate Wage Order 4-2001 by not allowing Class members to take rest periods?

(5) Did Defendants violate Labor Code Section 226.7 by not providing Class members additional pay for missed meal periods or rest periods?

(6) Did Defendants violate Labor Code Section 204 by not paying Class members for all wages earned during each pay period?

(7) Did Defendants violate Labor Code Section 226(a) by not furnishing Class members with accurate wage statements?

(8) Did Defendants violate Labor Code Section 227.3 by not paying Class members all accrued but unused vacation owed upon termination of employment?

(9) Did Defendants violate Labor Code Section 201 or 202 by not paying Class members all wages owed upon termination?

(10) Did Defendants violate Labor Code Section 201 or 202 by not paying Class members final wages timely upon termination?

(11) Are Defendants liable to Class members for penalty wages under Labor Code Section 203?

(12) Are Defendants liable to Class members for penalties under Labor Code Section 226(e)?

(13) Did Defendants violate the Unfair Competition Law, Business and Professions Code Section 17200, *et seq.*, by their unlawful practices as alleged herein?

(14) Is injunctive relief appropriate to ensure Defendants' compliance with their obligations under the Labor Code with respect to members of the Class currently employed by Defendant?

(15) Are Class members entitled to attorney's fees?

(16) Are Class members entitled to interest?

c.  Typicality. Plaintiffs are a member of the Class, and their claims are typical of the claims of the other Class members.  Plaintiffs suffered the same kinds of injuries suffered by other Class members.

d.  Adequate Representation. Plaintiffs will adequately and fairly protect the interests of the members of the Class.  Plaintiffs have no interests adverse

1  to the interests of absent Class members. Plaintiffs are represented by legal

2  counsel who have substantial class action experience in civil litigation and

3  employment law.

4  12.  This case is brought and may be maintained as a class action under Rule

5  23(b)(3) of the Federal Rules of Civil Procedure. Questions of law or fact common to

6  class members predominate over any questions affecting only individual members, and

7  a class action is superior to other available methods for the fair and efficient

8  adjudication of the controversy. Class action treatment will allow a large number of

9  similarly situated employees to prosecute their common claims in a single forum,

10  simultaneously, efficiently, and without the unnecessary duplication of effort and

11  expense that numerous individual actions would require. Further, the monetary amounts

12  due to many individual class members are likely to be relatively small, and the burden

13  and expense of individual litigation would make it difficult or impossible for individual

14  class members to seek and obtain relief. A class action will serve an important public

15  interest by permitting employees harmed by Defendants' unlawful practices to

16  effectively pursue recovery of the sums owed to them.

17  ### FIRST CLAIM FOR RELIEF

18  ### FAILURE TO PAY MINIMUM WAGES

19  #### (By Plaintiffs and the Guard Class against Defendants)

20  13.  Plaintiffs incorporate paragraphs 1 through 12 of this complaint as if fully

21  alleged herein.

22  14.  At all relevant times, Plaintiffs and the other members of the Guard Class

23  were employees of Defendants covered by Labor Code Section 1197, Wage Order 4-

24  2001 and Wage Order MW- 2001.

25  15.  Pursuant to Labor Code Section 1197,Wage Order 4-2001 and Wage Order

26  MW-2001, Plaintiffs and the other members of the Guard Class were entitled to receive

27  minimum wages for all hours worked.

28  16.  Defendants failed to pay Plaintiffs and other members of the Guard Class

minimum wages for all hours worked in violation of Labor Code Section 1197, Wage Order 4-2001 and Wage Order MW-2001. Plaintiffs are informed and believe and thereon allege that at all relevant times within the limitations period applicable to this cause of action, Defendants maintained and continue to maintain a policy or practice of requiring security guards to attend pre-shift meetings off the clock without compensating them for the time they work before clocking in for their shift.

17. As a result of Defendants' unlawful conduct, Plaintiffs and other members of the Guard Class have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours actually worked.

18. Pursuant to Labor Code Sections 1194 and 1194.2, Plaintiffs and other members of the Guard Class are entitled to recover the full amount of unpaid minimum wages, prejudgment interest, liquidated damages, reasonable attorney's fees and costs of suit.

<div align="center">

**SECOND CLAIM FOR RELIEF**

**FAILURE TO PAY OVERTIME WAGES**

**(By Plaintiffs and the Guard Class against Defendants)**

</div>

19. Plaintiffs incorporate paragraphs 1 through 18 of this complaint as if fully alleged herein.

20. At all relevant times, Plaintiffs and the other members of the Guard Class were employees of Defendants covered by Labor Code Section 510 and Wage Order 4-2001.

21. Pursuant to Labor Code Section 510 and Wage Order 4-2001, Plaintiffs and the other members of the Guard Class were entitled to overtime wages payable at the rate of at least one and one-half times their regular rate of pay for all work in excess of eight hours in one workday or in excess of forty hours in one workweek and payable at the rate of at least twice the regular rate of pay for all work in excess of twelve hours in one workday.

22. Defendants failed to pay Plaintiffs and other members of the Guard Class

1  for all overtime owed in accordance with Labor Code Section 510. Plaintiffs are
2  informed and believe and thereon allege that at all relevant times within the limitations
3  period applicable to this cause of action, Defendants maintained and continue to
4  maintain a policy or practice of requiring security guards, who typically work at least
5  eight hours a day, to attend pre-shift meetings off the clock without compensating them
6  for the time they work before clocking in for their shift.

7      23.    As a result of Defendants' unlawful conduct, Plaintiffs and other members
8  of the Guard Class have suffered damages in an amount, subject to proof, to the extent
9  they were not paid for all overtime wages earned.

10     24.    Pursuant to Labor Code Section 1194, Plaintiffs and other members of the
11  Guard Class are entitled to recover the full amount of their unpaid overtime wages,
12  prejudgment interest, reasonable attorney's fees and costs of suit.

13                          **THIRD CLAIM FOR RELIEF**

14                    **FAILURE TO PROVIDE MEAL PERIODS**

15            **(By Plaintiffs and the Guard Class against Defendants)**

16     25.    Plaintiff incorporates paragraphs 1 through 12 of this complaint as if fully
17  alleged herein.

18     26.    At all relevant times, Plaintiffs and the other members of the Guard Class
19  were employees of Defendants covered by Labor Code Section 512, Labor Code
20  Section 226.7 and Wage Order 4-2001.

21     27.    Pursuant to Labor Code Section 512, Labor Code Section 226.7 and Wage
22  Order 4-2001, Plaintiffs and the other members of the Guard Class were entitled to a
23  meal period of at least 30 minutes for each workday they worked more than five hours
24  and one additional hour of pay for every day that a meal period was not provided.

25     28.    Defendants failed to provide Plaintiffs and other members of the Guard
26  Class meal periods in accordance with Labor Code Section 512, Labor Code Section
27  226.7 and Wage Order 4-2001. Plaintiffs are informed and believe and thereon allege
28  that at all relevant times within the limitations period applicable to this cause of action,

1  Defendants maintained and continue to maintain a policy or practice of not relieving
2  security guards from work for the purpose of taking a meal period when they worked
3  more than five hours in any workday.

4      29.    Defendants failed to provide Plaintiffs and other members of the Guard
5  Class the additional hour of pay required by Labor Code Section 226.7 and Wage Order
6  4-2001. Plaintiffs are informed and believe and thereon allege that at all relevant times
7  within the limitations period applicable to this cause of action, Defendants maintained
8  and continue to maintain a policy or practice of not paying additional pay to employees
9  for missed meal periods.

10      30.    As a result of Defendants' unlawful conduct, Plaintiffs and other members
11  of the Guard Class have suffered damages in an amount, subject to proof, to the extent
12  they were not paid additional pay owed for missed meal periods.

13      31.    Pursuant to Labor Code Section 218, Plaintiffs and other members of the
14  Guard Class are entitled to recover the full amount of their unpaid additional pay for
15  missed meal periods. Pursuant to Labor Code Section 218.5, Plaintiffs and other
16  members of the Guard Class are entitled to recover their reasonable attorney's fees and
17  costs of suit. Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a),
18  Plaintiffs and other members of the Guard Class are entitled to recover prejudgment
19  interest on the additional pay owed for missed meal periods.

20                        **FOURTH CLAIM FOR RELIEF**
21                **FAILURE TO ALLOW REST PERIODS**
22         **(By Plaintiffs and the Guard Class against Defendants)**

23      32.    Plaintiffs incorporate paragraphs 1 through 12 of this complaint as if fully
24  alleged herein.

25      33.    At all relevant times, Plaintiffs and the other members of the Guard Class
26  were employees of Defendants covered by Labor Code Section 226.7 and Wage Order
27  4-2001.

28      34.    Pursuant to Labor Code Section 226.7 and Wage Order 4-2001, Plaintiffs

1 and the other members of the Guard Class were entitled to take rest periods of at least
2 10 minutes for every four hour period of work and one additional hour of pay for every
3 day that a rest period was not allowed.

4     35.    Defendants failed to allow Plaintiffs and other members of the Guard Class
5 rest periods in accordance with Labor Code Section 226.7 and Wage Order 4-2001.
6 Plaintiffs are informed and believe and thereon allege that at all relevant times within
7 the limitations period applicable to this cause of action, Defendants maintained and
8 continue to maintain a policy or practice of not allowing security guards to take rest
9 periods of at least 10 minutes for every four hour period of work.

10     36.    Defendants failed to provide Plaintiffs and other members of the Guard
11 Class the additional hour of pay required by Labor Code Section 226.7 and Wage Order
12 4-2001. Plaintiffs are informed and believe and thereon allege that at all relevant times
13 within the limitations period applicable to this cause of action, Defendants maintained
14 and continue to maintain a policy or practice of not paying additional pay to employees
15 for missed meal periods.

16     37.    As a result of Defendants' unlawful conduct, Plaintiffs and other members
17 of the Guard Class have suffered damages in an amount, subject to proof, to the extent
18 they were not paid additional pay owed for missed rest periods.

19     38.    Pursuant to Labor Code Section 218, Plaintiffs and other members of the
20 Guard Class are entitled to recover the full amount of their unpaid additional pay for
21 missed rest periods. Pursuant to Labor Code Section 218.5, Plaintiffs and other
22 members of the Guard Class are entitled to recover their reasonable attorney's fees and
23 costs of suit. Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a),
24 Plaintiffs and other members of the Guard Class are entitled to recover prejudgment
25 interest on the additional pay owed for missed rest periods.

26

27

28

# FIFTH CLAIM FOR RELIEF

## FAILURE TO PAY ALL WAGES EARNED EACH PAY PERIOD

### (By Plaintiffs and the Guard Class against Defendants)

39.     Plaintiffs incorporate paragraphs 1 through 38 of this complaint as if fully alleged herein.

40.     At all relevant times, Plaintiffs and the other members of the Guard Class were employees of Defendants covered by Labor Code Section 204.

41.     Pursuant to Labor Code Section 204, Plaintiffs and the other members of the Guard Class were entitled to receive on regular paydays all wages earned for the pay period corresponding to the payday.

42.     Defendants failed to pay Plaintiffs and other members of the Guard Class for all wages earned each pay period on the regular payday for the pay period. Plaintiffs are informed and believe and thereon allege that at all relevant times within the limitations period applicable to this cause of action, Defendants maintained and continues to maintain a policy or practice of a) requiring security guards to attend pre-shift meetings off the clock without compensating them for the time they worked before clocking in for their shift; b) not relieving security guards from work for the purpose of taking a meal period; c) not allowing security guards to take rest periods; and/or d) not paying additional pay to employees for missed meal periods or rest periods.

43.     As a result of Defendants' unlawful conduct, Plaintiffs and members of the Guard Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned during each pay period.

44.     Pursuant to Labor Code Sections 218, 218.5 and 218.6, Plaintiffs and members of the Guard Class are entitled to recover the full amount of their unpaid wages, prejudgment interest, reasonable attorney's fees and costs of suit.

## SIXTH CLAIM FOR RELIEF

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (By Plaintiffs and the Guard Class against Defendants)

45.    Plaintiffs incorporates paragraphs 1 through 44 of this complaint as if fully alleged herein.

46.    At all relevant times, Plaintiffs and the other members of the Guard Class were employees of Defendants covered by Labor Code Section 226.

47.    Pursuant to Labor Code Section 226(a), Plaintiffs and the other members of the Guard Class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing gross wages earned, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

48.    Defendants failed to provide Plaintiffs and other members of the Guard Class accurate itemized statements in accordance with Labor Code Section 226(a). Plaintiffs are informed and believe and thereon allege that at all relevant times since January 13, 2008 (the "Penalty Period"), Defendants maintained and continue to maintain a policy or practice of a) requiring security guards to attend pre-shift meetings off the clock without compensating them for the time they worked before clocking in for their shift; b) not relieving security guards from work for the purpose of taking a meal period; c) not allowing security guards to take rest periods; and/or d) not paying additional pay to employees for missed meal periods or rest periods. Defendants' practices resulted and continue to result in the issuance of wage statements to security guards that do not show the correct amount of gross wages earned, the correct amount of net wages owed, or the correct number of hours worked at each applicable hourly rate.

49.    Defendants' failure to provide Plaintiffs and other members of the Guard Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiffs and other members of the Guard Class with accurate wage

1  statements but intentionally provided wage statements that Defendants knew were not
2  accurate.

3      50.   As a result of Defendants' conduct, Plaintiffs and other members of the
4  Guard Class have suffered injury. The absence of accurate information on their wage
5  statements has prevented timely challenges to some of Defendants' unlawful pay
6  practices, required discovery and mathematical computations to determine the amount
7  of wages owed, caused difficulty and expense in attempting to reconstruct time and pay
8  records, and led to the submission of inaccurate information about wages and amounts
9  deducted from wages to state and federal government agencies.

10     51.   Pursuant to Labor Code Section 226(e), Plaintiffs and other members of the
11 Guard Class are entitled to recover fifty dollars for the initial pay period during the
12 Penalty Period in which a violation of Labor Code Section 226 occurred and one
13 hundred dollars for each violation of Labor Code Section 226 in a subsequent pay
14 period, not to exceed an aggregate penalty of four thousand dollars per employee.

15     52.   Pursuant to Labor Code Section 226(g), Plaintiffs and other members of the
16 Guard Class are entitled to bring an action for injunctive relief to ensure Defendants'
17 compliance with Labor Code Section 226(a). Injunctive relief is warranted because
18 Defendants continue to provide currently employed members of the Guard Class with
19 inaccurate wage statements in violation of Labor Code Section 226(a) and currently
20 employed members of the Guard Class have no adequate legal remedy for the
21 continuing injuries that will be suffered as a result of Defendants' ongoing unlawful
22 conduct. Injunctive relief is the only remedy available for ensuring Defendants'
23 compliance with Labor Code Section 226(a).

24     53.   Pursuant to Labor Code Sections 226(e) and 226(g), Plaintiffs and other
25 members of the Guard Class are entitled to recover the full amount of penalties due
26 under Labor Code Section 226(e), reasonable attorney's fees and costs of suit.

27
28

1

<div align="center">

**SEVENTH CLAIM FOR RELIEF**

2

**FAILURE TO PAY ACCRUED VACATION UPON TERMINATION**

3

**(By Plaintiffs and the Terminated Guard Class against Defendants)**

</div>

4      54.    Plaintiffs incorporate paragraphs 1 through 12 of this complaint as if fully

5  alleged herein.

6      55.    At all relevant times, Plaintiffs and the other members of the Terminated

7  Guard Class were former employees of Defendants covered by Labor Code Section

8  227.3.

9      56.    Pursuant to Labor Code Section 227.3, Plaintiffs and other members of the

10  Terminated Guard Class were entitled upon termination to payment of all accrued but

11  unused vacation.

12      57.    Defendants failed to pay Plaintiffs and other members of the Terminated

13  Guard Class upon termination for all accrued but unused vacation.  Plaintiffs are

14  informed and believe and thereon allege that at all relevant times within the limitations

15  period applicable to this cause of action, Defendants maintained and continue to

16  maintain a policy or practice of not paying security guards upon termination for all of

17  their accrued but unused vacation.

18      58.    As a result of Defendants' unlawful conduct, Plaintiffs and members of the

19  Terminated Guard Class have suffered damages in an amount, subject to proof, to the

20  extent they were not paid for all accrued vacation owed upon termination of

21  employment.

22      59.    Pursuant to Labor Code Sections 218, 218.5 and 218.6, Plaintiffs and

23  members of the Terminated Guard Class are entitled to recover the full amount of their

24  unpaid vacation, prejudgment interest, reasonable attorney's fees and costs of suit.

25

<div align="center">

**EIGHTH CLAIM FOR RELIEF**

26

**FAILURE TO PAY ALL WAGES OWED UPON TERMINATION**

27

**(By Plaintiffs and the Terminated Guard Class against Defendants)**

</div>

28      60.    Plaintiffs incorporate paragraphs 1 through 44 and 53 through 59 of this

<div align="center">

FIRST AMENDED COMPLAINT

15

</div>

1   complaint as if fully alleged herein.

2       61.    At all relevant times, Plaintiffs and the other members of the Terminated
3   Guard Class were employees of Defendants covered by Labor Code Section 201 or 202.

4       62.    Pursuant to Labor Code Sections 201 or 202, Plaintiffs and other members
5   of the Terminated Guard Class were entitled upon termination to payment of all wages
6   earned and unpaid prior to termination. Discharged employees were entitled to payment
7   of all wages earned and unpaid prior to discharge immediately upon termination.
8   Employees who resigned were entitled to payment of all wages earned and unpaid prior
9   to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours
10  previous notice, they were entitled to payment of all wages earned and unpaid prior to
11  resignation at the time of resignation.

12      63.    Defendants failed to pay Plaintiffs and other members of the Terminated
13  Guard Class all wages owed upon termination in accordance with Labor Code Section
14  201 or 202. Plaintiffs are informed and believe and thereon allege that at all relevant
15  times within the limitations period applicable to this cause of action, Defendants
16  maintained and continue to maintain a policy or practice of a) requiring security guards
17  to attend pre-shift meetings off the clock without compensating them for the time they
18  work before clocking in for their shift; b) not relieving security guards from work for
19  the purpose of taking a meal period;  c) not allowing security guards to take rest
20  periods; d) not paying additional pay to employees for missed meal periods or rest
21  periods; and/or e) not paying security guards upon termination for all of their accrued
22  but unused vacation.

23      64.    Defendants' failure to pay Plaintiffs and members of the Terminated Guard
24  Class all wages owed upon termination in accordance with Labor Code Sections 201 or
25  202 was willful. Defendants had the ability to pay all wages owed upon termination in
26  accordance with Labor Code Sections 201 or 202, but intentionally adopted policies or
27  practices incompatible with the requirements of Labor Code Sections 201 or 202.

28      65.    Pursuant to Labor Code Section 201 or 202, Plaintiffs and other members

1  of the Terminated Guard Class are entitled to all wages earned prior to termination that
2  Defendants failed to pay them.

3      66.    Pursuant to Labor Code Section 203, Plaintiffs and other members of the
4  Terminated Guard Class are entitled to penalty wages, from the day their earned and
5  unpaid wages were due upon termination until paid, up to a maximum of 30 days.

6      67.    As a result of Defendants' conduct, Plaintiffs and other members of the
7  Terminated Guard Class have suffered damages in an amount, subject to proof, to the
8  extent they were not paid for all wages earned prior to termination.

9      68.    As a result of Defendants' conduct, Plaintiffs and members of the
10  Terminated Guard Class have suffered damages in an amount, subject to proof, to the
11  extent they were not paid all penalty wages owed under Labor Code Section 203.

12      69.    Pursuant to Labor Code Sections 218 and 218.5, Plaintiffs and other
13  members of the Terminated Guard Class are entitled to recover the full amount of their
14  unpaid wages, penalty wages, reasonable attorney's fees and costs of suit.  Pursuant to
15  Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiff and other members
16  of the Terminated Guard Class are entitled to recover prejudgment interest on the
17  amount of their unpaid wages and unpaid penalty wages.

18  <center>**NINTH CLAIM FOR RELIEF**</center>

19  <center>**FAILURE TO PAY FINAL WAGES TIMELY UPON TERMINATION**</center>

20  <center>**(By Plaintiffs and the Terminated Guard Class against Defendants)**</center>

21      70.    Plaintiffs incorporate paragraphs 1 through 44 and 53 through 69 of this
22  complaint as if fully alleged herein.

23      71.    At all relevant times, Plaintiffs and the other members of the Terminated
24  Guard Class were employees of Defendants covered by Labor Code Section 201 or 202.

25      72.    Pursuant to Labor Code Sections 201 or 202, Plaintiffs and other members
26  of the Terminated Guard Class were entitled upon termination to timely payment of all
27  wages earned and unpaid prior to termination.  Discharged employees were entitled to
28  payment of all wages earned and unpaid prior to discharge immediately upon

1  termination. Employees who resigned were entitled to payment of all wages earned and
2  unpaid prior to resignation within 72 hours after giving notice of resignation or, if they
3  gave 72 hours previous notice, they were entitled to payment of all wages earned and
4  unpaid prior to resignation at the time of resignation.

5       73.    Defendants failed to pay Plaintiffs and other members of the Terminated
6  Guard Class all wages earned and unpaid prior to termination timely in accordance with
7  Labor Code Section 201 or 202. Plaintiffs are informed and believe and thereon allege
8  that at all relevant times within the limitations period applicable to this cause of action,
9  Defendants maintained and continue to maintain a policy or practice of a) requiring
10 security guards to attend pre-shift meetings off the clock without compensating them for
11 the time they work before clocking in for their shift; b) not relieving security guards
12 from work for the purpose of taking a meal period; c) not allowing security guards to
13 take rest periods; d) not paying additional pay to employees for missed meal periods or
14 rest periods; e) not paying security guards upon termination for all of their accrued but
15 unused vacation; and/or f) issuing final paychecks on regular paydays without regard for
16 the date payment of final wages is due under Labor Code Section 201 or 202.

17      74.    Defendants' failure to pay Plaintiffs and members of the Terminated Guard
18 Class all wages timely upon termination in accordance with Labor Code Sections 201 or
19 202 was willful. Defendants had the ability to pay all wages timely upon termination in
20 accordance with Labor Code Sections 201 or 202, but intentionally adopted policies or
21 practices incompatible with the requirements of Labor Code Sections 201 or 202.

22      75.    Pursuant to Labor Code Section 201 or 202, Plaintiffs and other members
23 of the Terminated Guard Class are entitled to all wages earned prior to termination that
24 Defendants failed to pay them.

25      76.    Pursuant to Labor Code Section 203, Plaintiffs and other members of the
26 Terminated Guard Class are entitled to penalty wages, from the day their earned and
27 unpaid wages were due upon termination until paid, up to a maximum of 30 days.

28      77.    As a result of Defendants' conduct, Plaintiffs and other members of the

1  Terminated Guard Class have suffered damages in an amount, subject to proof, to the
2  extent they were not paid for all wages earned prior to termination.

3      78.    As a result of Defendants' conduct, Plaintiffs and members of the
4  Terminated Guard Class have suffered damages in an amount, subject to proof, to the
5  extent they were not paid all penalty wages owed under Labor Code Section 203.

6      79.    Pursuant to Labor Code Sections 218 and 218.5, Plaintiffs and other
7  members of the Terminated Guard Class are entitled to recover the full amount of their
8  unpaid wages, penalty wages, reasonable attorney's fees and costs of suit.  Pursuant to
9  Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiffs and other members
10 of the Terminated Guard Class are entitled to recover prejudgment interest on the
11 amount of their unpaid wages and unpaid penalty wages.

12                          **TENTH CLAIM FOR RELIEF**
13                          **UNFAIR COMPETITION**
14                **(By Plaintiffs and the Class against Defendants)**

15     80.    Plaintiffs incorporate paragraphs 1 through 44 and 53 through 79 of this
16 complaint as if fully alleged herein.

17     81.    The unlawful conduct of Defendants alleged herein constitutes unfair
18 competition within the meaning of Business and Professions Code Section 17200,
19 which prohibits Defendants from engaging in unfair and unlawful business practices,
20 including, but not limited to, failing to pay all wages owed to Plaintiffs.  Due to their
21 unlawful and unfair business practices in violation of the Labor Code, Defendants have
22 gained a competitive advantage over other comparable companies doing business in the
23 State of California that comply with their obligations under the Labor Code.

24     82.    As a result of Defendants' unfair competition as alleged herein, Plaintiffs
25 and other members of the Class have suffered injury in fact and lost money or property.
26 Plaintiffs and members of the Class have  been deprived of their legal rights under the
27 Labor Code and have not been paid all money owed to them.

28     83.    Pursuant to Business and Professions Code Section 17203, Plaintiffs and

1   other members of the Class are entitled to restitution of all money that was owed and

2   belonged to them, including interest thereon, that Defendants wrongfully acquired by

3   withholding payment and retaining the money owed by means of their unlawful and

4   unfair business practices.  Plaintiffs and other members of the Class had a vested

5   interest in all money and interest thereon that was owed to them by Defendants, and

6   restitution of that money is necessary to prevent Defendants from being unjustly

7   enriched by wrongful retention of money that does not belong to Defendants.

8          84.    Pursuant to Business and Professions Code Section 17203, Plaintiffs and

9   other members of the Class are entitled to an injunction to prevent the continuation of

10  Defendants' unlawful and unfair business practices that constitute unfair competition.

11  Injunctive relief is warranted because Defendants continue to engage in unlawful and

12  unfair business practices with respect to currently employed members of the Class, and

13  such members of the Class have no adequate legal remedy for the continuing injuries

14  that will be suffered as a result of Defendants' ongoing unlawful conduct.  Injunctive

15  relief is the only remedy available to prevent Defendants from continuing to engage in

16  the unlawful and unfair business practices described herein.

17         85.    Plaintiffs and members of the Class are entitled to recover reasonable

18  attorney's fees in connection with their unfair competition claims pursuant to Code of

19  Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common

20  fund doctrine.

21                               **PRAYER FOR RELIEF**

22         WHEREFORE, Plaintiffs on behalf of themselves as individuals and on behalf of

23  all others similarly situated, pray for relief and judgment against Defendants as follows:

24         A.     An order that the action be certified as a class action;

25         B.     An order that Plaintiffs be certified as the representatives of the Guard

26                Class and/or the Terminated Guard Class;

27         C.     An order that counsel for Plaintiffs be confirmed as counsel for the Guard

28                Class and/or the Terminated Guard Class;

D.    Damages for unpaid minimum wages, unpaid overtime wages, unpaid pay owed for missed meal periods and rest periods, unpaid vacation and/or unpaid penalty wages;

E.    Liquidated damages equal to unpaid minimum wages and interest thereon;

H.    Prejudgment interest;

I.    Penalties under Labor Code Section 226(e);

J.    An order requiring Defendants to comply with Labor Code Section 226(a);

K.    Restitution of all money and interest thereon owed and belonging to Class members that Defendants unlawfully withheld from them and wrongfully retained for themselves;

L.    An order enjoining Defendants from engaging in the unfair and unlawful business practices described herein;

M.    Reasonable attorney's fees;

N.    Costs of suit; and

O.    Such other relief as the Court deems just and proper.

DATED: June 17, 2009            SPIRO MOSS LLP


By:    _____
       Gregory N. Karasik

       Attorneys for Plaintiffs
       MUHAMMAD WAZEER and
       KIMBERLY RODRIGUEZ

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for themselves and the Class on all claims so triable.

DATED: June 17, 2009            SPIRO MOSS LLP


By:    _____
       Gregory N. Karasik

       Attorneys for Plaintiffs
       MUHAMMAD WAZEER and
       KIMBERLY RODRIGUEZ

**PROOF OF SERVICE**
**WAZEER vs. SOS SECURITY INCORPORATED**
**USDC, CASE NO.: 2:09-CV-01227 VBF-FFM**

I am over the age of eighteen years and not a party to the within action. My business address is 11377 W. Olympic Blvd., 5ᵀᴴ Floor, Los Angeles, CA 90064-1683. I am employed at that address at the firm of Spiro Moss LLP.

On the date set forth below I served the document(s) described as **FIRST AMENDED CLASS ACTION COMPLAINT** on all the interested parties in this action, by placing: [ ] the original [xx] true copies thereof enclosed in sealed envelopes, addressed as follows, which addresses are the addresses last given by the respective addressees on any document filed in the above case and served on Spiro Moss LLP:

| |
|---|
| Daphne Pierre Bishop, Esq.<br>Harry I. Johnson, III, Esq.<br>Ruth M. Holt, Esq.<br>**JONES DAY**<br>555 South Flower Street, 50ᵗʰ Floor<br>Los Angeles, California 90071<br>Tel.: (213) 243-2775<br>Fax: (213) 243-2539<br>Email: dbishop@jonesday.com<br>Email: hijohnson@jonesday.com<br>Email: rmholt@jonesday.com<br><br>*Attorneys for Defendant*<br>*SOS SECURITY INCORPORATED* | |

[✔] **BY MAIL:** I am readily familiar with this firms's practice of collection and processing correspondence for mailing with the LLP at the above address. I placed the envelope(s) containing said document(s), sealed, for collection and mailing on that date with the United States Postal Service following ordinary business practices. Under the above-mentioned practice of Spiro Moss LLP, the above document(s) would be deposited with the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid at Los Angeles, California.

[ ] **BY MAIL:** On the date set forth below I deposited such envelope(s), in a mailbox regularly maintained by the U.S. Postal Service in Los Angeles County, California. The envelope(s) was/were deposited with postage thereon fully prepaid.

[ ] **BY EXPRESS MAIL** On the date set forth below I deposited such envelope(s) in an Express Mail mailbox, maintained by the U.S. Postal Service for receipt of Express Mail in Los Angeles County, California. The envelope(s) was/were deposited with Express Mail with postage thereon fully prepaid.

[ ] **BY METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY** On the date set forth below I deposited such envelope(s) in a box or other facility regularly maintained by the express service carrier, or delivered such envelope(s) to an authorized courier or driver authorized by the express service carrier to receive documents, with delivery fees paid or provided for. The envelope was an envelope or package designated by the express service carrier.

1  [ ]  **(BY PERSONAL SERVICE)**: I personally caused such document(s) to be personally
served on the attorney(s) at the office(s) listed above, at the address(es) listed above, with
2       a receptionist or other person having charge of the office(s), between the hours of 9:00
a.m. and 5:00 p.m.
3

4  [ ]  **(BY PERSONAL SERVICE -- AT OFFICE OF ATTORNEYS)**: I personally served
said document(s) on the date set forth below, by leaving them, inside the envelope(s)
clearly labeled to identify the attorney(s) being served, at the offices of the attorney(s)
5       listed above, at the address(es) listed above, with a receptionist or other person having
charge of the office(s), between the hours of 9:00 a.m. and 5:00 p.m.
6

7       I declare under penalty of perjury under the laws of the State of California that the above
is true and correct and was executed at Los Angeles, California, on December 2, 2003.

8
                        SIGNATURE : _____
9
                        PRINT NAME : _____
10

11 [ ]  **BY FACSIMILE** On the date set forth below, I transmitted the above document(s) from
facsimile machine number (310) 235-2456, in compliance with transmission as provided
12      in California Rule of Court 2008.  The fax number(s) that I used are shown above or on
the attached Service List, along with the names of recipients and the interested parties.
13      The Facsimile Machine I used complied with California Rule of Court 2003(3).  The
transmission was reported as complete and without error by the machine, which properly
14      issued the transmission report.

15 [ ]  **(STATE)** I declare under penalty of perjury under the laws of the State of California that
the above is true and correct.
16

17 [✔]  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this
court at whose direction the service was made.

18 Executed at Los Angeles County, California, on June 18, 2009.

19
20                      Jeanette Tucci Kerr
21
22
23
24
25
26
27
28