1   MICHAEL A. GOULD (S.B. #151851)
    AARIN A. ZEIF (S.B. #247088)
2   GOULD AND ASSOCIATES
    17822 East 17th Street, Suite 106
3   Tustin, California 92780
    Telephone: (714) 669-2850
4   Facsimile: (714) 544-0800

5   DENNIS F. MOSS (S.B. #77512)
    GREGORY N. KARASIK (S.B. #115834)
6   SPIRO MOSS LLP
    11377 W.Olympic Blvd, 5th Floor
7   Los Angeles, CA 90064-1683
    Telephone: (310) 235-2468
8   Facsimile: (310) 235-2456

9   SAHAG MAJARIAN II (S.B. #146621)
    THE LAW OFFICE OF SAHAG MAJARIAN II
10  18250 Ventura Boulevard
    Tarzana, California 91356
11  Telephone: (818) 609-0807
    Facsimile: (818) 609-0892

12  Counsel for Plaintiffs

13

14

15              **UNITED STATES DISTRICT COURT**

16             **CENTRAL DISTRICT OF CALIFORNIA**

17

18  MUHAMMAD WAZEER, and          CASE NO.: CV 09-1227-VBF (FFFMx)
    KIMBERLY RODRIGUEZ,           Judge: Valerie Baker Fairbank
19  individually and behalf of others
    similarly situated,           Class Action
20
            Plaintiffs,
21                                **PLAINTIFFS' MEMORANDUM OF**
        vs.                       **POINTS AND AUTHORITIES IN**
22                                **SUPPORT OF MOTION FOR FINAL**
                                  **APPROVAL OF CLASS ACTION**
23  SOS SECURITY INCORPORATED,    **SETTLEMENT**
    a New Jersey Corporation, and DOES
24  1 through 25, inclusive,      Date: August 23, 2010
                                  Time: 1:30 p.m.
25          Defendants.           Courtroom: 9
26

27

28                                    1

    **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
        **MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1

## TABLE OF CONTENTS

I.      INTRODUCTION                                                                          5

II.     FACTUAL AND PROCEDURAL HISTORY                                         6

III.    THE SETTLEMENT MEETS THE STANDARDS FOR FINAL
        APPROVAL AS FAIR, REASONABLE, AND ADEQUATE                     9

        A.    THE STRENGTH OF PLAINTIFFS' CASE                              10

        B.    THE RISK, EXPENSE, COMPLEXITY, AND
              LIKELY DURATION OF FURTHER
              LITIGATION                                                                    11

        C.    THE RISK OF MAINTAINING CLASS ACTION
              STATUS                                                                          11

        D.    THE AMOUNT OFFERED IN SETTLEMENT                          12

        E.    THE EXTENT OF DISCOVERY COMPLETED AND
              THE STAGE OF THE PROCEEDINGS                                   12

        F.    THE EXPERIENCE AND VIEWS OF COUNSEL                       13

        G.    THE REACTION OF THE CLASS MEMBERS TO
              THE PROPOSED SETTLEMENT                                          13

        H.    THE SETTLEMENT NEGOTIATIONS WERE
              ADVERSARIAL AND CONDUCTED AT
              ARMS'-LENGTH                                                             15

IV.     CONCLUSION                                                                         15

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CASES**

*American Eagle Ins. Co. v. King Resources Co.*

    556 F.2d 471 (10th Cir. 1977)           13

*Bronkhorst v. Safeco Corp.*

    529 F.2d 943 (9th Cir. 1976)           8

*Brown v. Fed. Express Corp.*

    249 F.R.D. 580 (C.D. Cal 2008)           9

*Class Plaintiffs v. Seattle,*

    995 F.2d 1268 (9th Cir. 1992)           8

*Hanlon v. Chrysler Corp,*

    150 F.3d 1011 (9th Cir. 1998)           9

*Kenny v. Supercuts, Inc*.

    252 F.R.D. 641 (N.D. Cal 2008)           9

*Marlo v. Untied Parcel Service, Inc.*

    2009 U.S. Dist. LEXIS 41948 (N.D.Cal. 2009)           9

*Perez v. Safety-Leen Sys., Inc.*

    253 F.R.D. 508 (N.D. Cal 2008)           9

*Reynolds v. National Football League*

    584 F.3d 280 (8th Cir. 1978)           13

*Watson-Smith v. Spherion Pacific Workforce*, LLC

    2009 U.S. Dist. LEXIS 18590 (N.D. Cal. 2008)           9

*West v. Circle K Stores, Inc*.

    2006 U.S.Dist. LEXIS 76558 (E.D. Cal. 2006)           12

*White v. Starbucks Corp*.

    497 F.Supp.2d 1080 (N.D. Cal. 2007)           9

*Wren v. RGIS Inventory Specialists*

    256 FRD 180 (N.D. Cal. 2009)           9

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

<u>Federal Rules</u>

FRCP, Rule 23                                                                              5, 8


<u>Secondary Sources</u>

Newberg and Conte, NEWBERG ON CLASS ACTIONS

     (4th Ed. 2002), § 11:41, 90                                           8, 10

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## I.      **INTRODUCTION**

Plaintiffs Muhammad Wazeer and Kimberly Rodriguez (herein after referred to as "Plaintiffs") and Defendant SOS Security Incorporated (herein after referred to as "SOS" or "Defendant") have entered into a settlement agreement.  Under the terms of the settlement, which satisfy all the criteria for final approval under FRCP, Rule 23, Defendant SOS has stipulated to conditional class certification and agreed to pay a maximum of $1,200,000.00 to settle claims of 1,695 Class Members.

On October 29, 2009, this Court granted preliminary approval of the settlement, including the following: class certification for purposes of the Settlement; reasonably attorneys' fees in the total amount of $300,000.00, as well as costs up to $10,000.00, and the Class Representatives' services payments of $5,000.00 to Plaintiff Wazeer and $5,000.00 to Plaintiff Rodriguez.  In addition, the Court ordered distribution of the Notice of Class Action Settlement and Claim Form to the Class.  The Notice of Class Action Settlement and Claim Form were distributed to the Class Members pursuant to the Settlement Agreement.

After Preliminary Approval, Defendant's financial condition substantially worsened making Defendant unable to fund the settlement in accordance with the Settlement Agreement.  The Parties stipulated to modify the Settlement Agreement, whereas the settlement shall be funded over an eighteen month period. (See Karasik Dec. filed concurrently herein).  A Supplemental Class Notice and Request for Exclusion Form were distributed to the Class Members informing them of the modifications to the Settlement and giving Class Members another opportunity to opt out.  Moreover, the Stipulation re Modification of Class Action Settlement continued the Final Approval hearing to August 23, 2010.  The Court Approved this Modification of the Settlement on or about May 18, 2010.

The Notice procedures set forth in Stipulation re Modification of Class Action Settlement have been fulfilled, and the Class Members' responses were

5

overwhelmingly positive.  Class Members have claimed approximately 63.48% of the Net Settlement Value.  This claims rate represents a resounding approval of the Settlement.  Moreover, less than one percent (.02%) of Class opted out and there is not a single objection filed.

In evaluating the overall fairness of the Settlement, the Court must weight certain factors, including the following: the strength of the plaintiff's case, the risk, expense, complexity, and likely duration of further litigation, the risk of maintaining class action statutes throughout trial, the amount offered in the settlement; the extent of discovery completed; the experience and views of counsel, and the reaction of the class members to the proposed settlement. Each of these factors favors final approval of the Settlement.  Accordingly, Plaintiffs' Motion for Final Approval should be granted.

## II.   <u>FACTUAL AND PROCEDURAL HISTORY</u>

Plaintiff Wazeer commenced this action on January 13, 2009 in the Superior Court of the State of California, County of Los Angeles.  The Wazeer matter was removed to this Court on or about February 19, 2009.  The Rodriguez Action was filed on or about March 17, 2009, in the Superior Court for the State of California, County of Los Angeles.  On or about July 18, 2009, a First Amended Complaint was filed in the Wazeer Action, which essentially combined the two actions, including all causes of action alleged in both actions and both Rodriguez and Wazeer remained class representatives. The Amended Action alleges that SOS: (1) failed to pay minimum wages; (2) failed to pay overtime; (3) failed to provide meal periods; (4) failed to provide rest periods; (5) failed to pay all wages earned every pay period; (6) failed to provide accurate wage statements; (7) failed to pay accrued vacation upon termination; (8)  failed to pay all wages owed upon termination; (9) failed to pay final wages timely upon termination; and (10) engaged in unfair business practices.  The Amended Complaint sought relief on behalf of all current

6

and former security guards employed during the class period.

SOS thereafter produced numerous documents, in hard copy, including policy documents, human resources documents and payroll data.  Plaintiffs' counsel spent substantial amounts of time reviewing and analyzing the information provided by SOS, conducting independent investigation of Plaintiffs' claims, and obtaining information from Plaintiffs and other Class Members.  SOS took the deposition of Plaintiffs Wazeer and Rodriguez.  Following this discovery, which provided the parties sufficient information to assess the relative strengths and weaknesses of their claims and defenses, the parties agreed to participate in a private mediation focused on Plaintiffs' central claims for missed meal periods and late payment of final wages.

The parties participated in a day-long mediation before Lisa Klerman on June 29, 2009.  The mediation involved extensive arms-length negotiations after submission of confidential mediation briefs and included joint sessions wherein the parties explained their respective positions.  The matter was not settled on the day of the mediation, however after numerous conversations between the parties and with continued assistance of the mediator, the Parties were able to resolve the matter.  Absent the insight and advice of the mediator, settlement demands and offers would have remained far apart and the parties would not have reached a mutually agreeable settlement.

Plaintiffs filed their Motion for Preliminary Approval on September 26, 2009, together with a proposed Order granting Preliminary Approval of Class Action Settlement. At the Court's request, the Parties filed a supplement brief in support of Plaintiffs' Motion for Preliminary Approval on October 27, 2009.

On October 29, 2009, the Parties appeared before the Court at a preliminary approval hearing.  The Court granted preliminary approval of the Settlement and signed the preliminary approval order on October 29, 2009. Specifically, the Court

7

conditionally approved class certification for the purposes of the Settlement; preliminary approval of the Settlement, appointed Spiro Moss LLP, The Law Offices of Sahag Majarian II, and Gould & Associates as counsel for the Settlement Class, preliminarily approved the content of the Notice to be distributed to the Class Members; preliminarily approved attorneys' fees in the total gross amount of $300,000.00, as well as costs up to $10,000.00, preliminary approved class representative enhancement awards in the amount of $5,000.00 to Plaintiff Rodriguez and $5,000.00 to Plaintiff Wazeer; and adopted a schedule for the distribution of the Notice. The Court set a Final Approval Hearing Date of April 26, 2010.

In accordance with the October 29, 2009 Order, Defendant provided a list of Class Members to the Administrator, and on or about November 19, 2009, the Claims Administrator mailed Notices to the 1,695 Class Members.

On or about April 30, 2010, the Parties submitted to the Court a Stipulation re Modification of Class Action Settlement, Supplemental Notice to Class Members, and Continuance of Hearing on Motion for Final Approval.  The Stipulation modified the terms of the settlement and provided for funding of the settlement over an eighteen month period. See Declaration of Gregory Karasik filed concurrently herein.  The Stipulation re Modification provided for a Supplemental Class Notice and Request for Exclusion Form to be distributed to the Class Members.  Moreover, the Stipulation re Modification of Class Action Settlement continued the Final Approval hearing to August 23, 2010.  The Court Approved this Modification of the Settlement on or about May 18, 2010.

The Notice procedures set forth in Stipulation re Modification of Class Action Settlement have been fulfilled and the Plaintiffs now request Final Approval.

//

//

8

III.    **THE SETTLEMENT MEETS THE STANDARDS FOR FINAL APPROVAL AS FAIR, REASONABLE, AND ADEQUATE**

There is a "strong judicial policy that favors settlements" and an "overriding public interest in settling and quieting litigation" particularly class actions. *Class Plaintiffs v. Seattle*, 995 F.2d 1268, 1276 (9th Cir. 1992) (judicial policy is to reverse approval of settlement only upon clear showing of abuse of discretion); *Bronkhorst v. Safeco Corp.,* 529 F.2d 943, 950 (9th Cir. 1976) (public interest in containing the burdens of expensive class action litigation).

In determining if a settlement meets the Rule 23 standards for final approval, the district court must find that the settlement is "fair, reasonable, and adequate." FRCP 23(e)(2). There is an initial presumption of fairness when a proposed class settlement is negotiated at arm's length and presented for court approval. See Newberg and Conte, NEWBERG ON CLASS ACTIONS (4th Ed. 2002), § 11:41, 90.

Approval or disapproval of a class action settlement is made in the "sound discretion of the trial court." *Hanlon v. Chrysler Corp,* 150 F.3d 1011, 1026 (9th Cir. 1998). In exercising its discretion, however, the court does not have the ability to modify or substitute any provisions or terms of the settlement; thus, "the settlement must stand or fall in its entirety." *Id*.

In accessing a settlement, the district court balances the following factors: "the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Id*. Here, each of these factors weights in favor of the Court granting final approval of the settlement.

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## A.   THE STRENGTH OF PLAINTIFFS' CASE

Assessing the strength of plaintiff's case and its likelihood of recovery involves weighting the merits against the settlement amount and potential recovery. See Newberg and Conte, NEWBERG ON CLASS ACTIONS (4th Ed. 2002), § 11:44 at 121-122. It is not necessary, however, for the Court to "reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in the litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Class Plaintiffs*, 955 F.2d at 1291.

This case involves numerous unsettled questions of law.  For example, the issue of whether an employer must provide a meal period or whether it is the employee's duty to take a meal period is currently up before the California Supreme Court.  (See *Brinker v. Superior Court*). To date, there at least six federal cases that now hold that employers need only make the required meal breaks available. See *Marlo v. Untied Parcel Service, Inc.* (N.D.Cal. 2009) 2009 U.S. Dist. LEXIS 41948;  Also *See Wren v. RGIS Inventory Specialists,* (N.D. Cal. 2009)  256 FRD 180, 208; *Watson-Smith v. Spherion Pacific Workforce*, LLC (N.D. Cal. 2008) 2009 U.S. Dist. LEXIS 18590; *Perez v. Safety-Leen Sys., Inc.* (N.D. Cal 2008) 253 F.R.D. 508, 515; *Kenny v. Supercuts, Inc.* (N.D. Cal 2008) 252 F.R.D. 641, 645; *Salazar v. Avis Budget Group, Inc.* (S.D. Cal. 2008); *Brown v. Fed. Express Corp.* (C.D. Cal 2008) 249 F.R.D. 580, 585; *White v. Starbucks Corp*. (N.D. Cal. 2007) 497 F.Supp.2d 1080, 108801089.  If meal periods need only be made available, class certification is difficult to obtain.  Moreover, an unfavorable decision in *Brinker* at any time prior to the conclusion of this matter could possibly wipe class members' claims for meal and rest periods in their entirety.  These legal uncertainties are in addition to the risks endemic to class action litigation (e.g. denial of class certification; or alternatively, losing on the merits even with a

10

certified class).

## B.   THE RISK, EXPENSE, COMPLEXITY, AND LIKELY DURATION OF FURTHER LITIGATION

"Additional elements that should be considered by the court in determining the appropriateness of the settlement are the likely expenses of continuing the litigation and its prospects for relief for the class."  See Newberg and Conte, NEWBERG ON CLASS ACTIONS (4th Ed. 2002) at § 11:50, 155. In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results. *Id*.

This case involved approximately 1,695 Class Members and alleged ten different causes of action under California Law. If this case had not settled, a motion for class certification, a possible appeal, post-certification merits discovery, and trial preparation would have exacted a significant toll on the Parties and the Court.

In particular, trial preparation for a class action trial would have consumed months, and a trial would likely have spanned weeks.  As litigation progress, complex legal analyses and extensive evidence would have accumulated in volume and expense of reach cause of action and corresponding affirmative defenses.

Accordingly, the high risk, expense, and complex nature of a lengthy class action trial support final approval of this Settlement.

## C.   THE RISK OF MAINTAINING CLASS ACTION STATUS

The Law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation.  See Newberg and Conte, NEWBERG ON CLASS ACTIONS (4th Ed. 2002) § 11:41 at 87. The uncertainty of outcome, difficulties of proof, and length of litigation lend class action suits readily to compromise and settlement. *Id*. at §

11

11:41, 87-88.

### D.    THE AMOUNT OFFERED IN SETTLEMENT

The parties participated in a day-long mediation before Lisa Klerman on June 29, 2009.  The matter was not settled on the day of the mediation, however, after numerous conversations between the parties and with continued assistance of the mediator, the Parties were able to resolve the matter.  Defendant agreed to pay a maximum of $1,200,000.00 to settle all claims, despite formidable obstacles to class certification and the unsettled questions of law relating to meal period claims. With relevantly small damages owed to Class Members, it is unlikely that individual Class Members would have proved viable without the class action mechanism.

### E.    THE EXTENT OF DISCOVERY COMPLETED AND THE STAGE OF THE PROCEEDINGS

Prior to mediation, SOS produced numerous documents, in hard copy, including policy documents, human resources documents and payroll data. Plaintiffs' Counsel spent substantial amounts of time reviewing and analyzing the information provided by SOS, conducting independent investigation of Plaintiffs' claims, and obtaining information from Plaintiffs and other Class Members. The information informally provided allowed Plaintiff to determine: (1) average hourly rate for the class; (2) total number of shifts during the class period; and (3) the number of current and former class members.  Plaintiff also reviewed time cards of Class Members to determine the amount of missed meal periods.  Class Counsels' analysis of this data allowed for accurate estimates of Defendant's maximum exposure on the basis of objective information across multiple variables. Additionally, Class Counsel were able to formulate internal valuations of the case by assigning informed certification and liability probabilities which could only have been a mere guess without Class Counsel having obtained the extensive data.

12

Moreover, SOS took the deposition of Plaintiffs Wazeer and Rodriguez.  Thus,
Plaintiffs obtained adequate information through the discovery process to properly
analyze damage calculations on a class wide basis.

### F.    THE EXPERIENCE AND VIEWS OF COUNSEL

"With regard to class action settlements, the opinions of counsel should be
given considerable weight both because of counsel's familiarity with this litigation
and previous experience with cases." *West v. Circle K Stores, Inc.* 2006 U.S.Dist.
LEXIS 76558, * 17-18 (E.D. Cal. 2006).

Class Counsel have established firms that primarily prosecute wage and hour
class actions.  The attorneys working on this matter have been appointed class
counsel through both certification and settlement of numerous other wage and hour
class actions. Class Counsels' experience was integral in evaluating the strengths
and weaknesses of the case against Defendant and the reasonableness of the
settlement. It is the opinion of Class Counsel that the Settlement is fair, adequate,
and reasonable in protecting and vindicating the rights of Class Members.

### G.    THE REACTION OF THE CLASS MEMBERS TO THE
### PROPOSED SETTLEMENT

Pursuant to the Court's Order dated October 29, 2009, Defendant SOS
provided the class data to CPT Group, Inc., (herein after referred to as "CPT") a
well regarded third-party administrator, for the distribution of the Notice.  See
Zarate Dec. dated March 26, 2010 ¶ 7.  Prior to mailing the Notice, CPT
customized the notices and ran a check of the Class Members' contact information
through the United States Postal Service's National Change of Address database to
update Class Members' addresses.  See Zarate Dec. dated March 26, 2010  ¶ 8. On
December 4, 2009, CPT mailed the Notice Packages to Class Members via First
Class Mail. See Zarate Dec. dated March 26, 2010 ¶ 8. Class Members were given
a 30-day notice period to submit a Claim Form, Request Exclusion, or object.

13

Furthermore, CPT mailed reminder postcards on December 21, 2009 to the Class Members who had not responded to the initial mailing.  See Zarate Dec. dated March 26, 2010 ¶ 9.

Pursuant to the Stipulation re Modification of Class Certification and Order from the Court, on or about May 28, 2010 CPT mailed the Supplemental Notice and Exclusion Form to all 1,695 Class Members.  Supplemental Zarate Dec. ¶ 4-5.

After the Supplemental Notice and Exclusion Form were mailed to the Class Members, the reaction from the Class Members is overwhelmingly positive.  Of the Guard Class, there were a total of Eight Hundred and Thirty Three (833) valid claims, which is 49.14% of the total class filing a claim. These Eight Hundred and Thirty Three (838) represent a total of approximately 30,795.1 class weeks being claimed out of a total of 48,509.58, which results in 63.48% of the allocated amount being claimed. Supplemental Zarate Dec. ¶ 13.  Of the terminated Guard class, there were a total of Six Hundred and Thirty Three (633) valid claims, which is 46.14% of the class filing a claim. Moreover, less than one percent (.02%) of Class opted out and there is not a single objection filed.  See Supplemental Zarate Dec. ¶ 7 and 12.

Certainly the most democratic measure of a settlement's "fairness" is the extent to which Class Members objection, and through their objections point to a settlement's unfairness.  *7 –Eleven Owners of Fair Franchising v. Southland Corp.* 85 Cal.App.4th 1135, 1152-1153 (2000) (only nine objectors from a class of 5,454 was an "overwhelmingly positive" fact that supported approval of the settlement); *Reynolds v. National Football League*, 584 F.3d 280 (8th Cir. 1978) (16 objectors out of 5,400 strongest evidence of no dissatisfaction with settlement among class embers); *American Eagle Ins. Co. v. King Resources Co.,* 556 F.2d 471, 478, (10th Cir. 1977) (only one objector "of striking significance and import"). Here, not a

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

single Class Member has objected to the Settlement.  See Supplemental Zarate Dec. ¶ 12.

In light of the overwhelmingly positive response, therefore, one can infer that the Settlement is fair, adequate, and reasonable.

## H.   THE SETTLEMENT NEGOTIATIONS WERE ADVERSARIAL AND CONDUCTED AT ARMS'- LENGTH

Courts respect the integrity of counsel and presume the absence of fraud or collusion in the negotiation of settlements, unless there is evidence to the contrary. See Newberg and Conte, NEWBERG ON CLASS ACTIONS (4th Ed. 2002) § 11.51 at 158.  Communications prior to mediation and settlement negotiations were adversarial and at arm's-length, requiring the assistance of an experienced mediator.

## IV.   CONCLUSION

Given the Class Members' overwhelmingly positive response to the Settlement, and in light of the risks and costs of protracted litigation, Class Counsel respectfully requests that the Court grant final approval of the Settlement.

Dated:   July 26, 2010          GOULD AND ASSOCIATES

By:   /s/ Michael A. Gould
Michael A. Gould
Aarin A. Zeif

Attorneys for Plaintiffs

Dated:   July 26, 2010          SPIRO MOSS LLP

By:   /s/ Gregory N. Karasik
Gregory N. Karasik

Attorneys for Plaintiffs

15

1

2

3                              <u>Certificate of Service</u>

4            I hereby certify that a true and correct copy of the foregoing document was

5    severe don Counsel of Record via ECF Notice of Electronic Filing in accordance

6    with the Federal Rules of Civil Procedure and Local Rule 5-3.3.

7

8

9

10                                                    /s/ Norma Aguirre

11   Dated: July 23, 2010          _____

12                                                     Norma Aguirre

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**