1  MICHAEL A. GOULD (S.B. #151851)
   AARIN A. ZEIF (S.B. #247088)
2  GOULD AND ASSOCIATES
   17822 East 17th Street, Suite 106
3  Tustin, California 92780
   Telephone:  (714) 669-2850
4  Facsimile: (714) 544-0800

5  DENNIS F. MOSS (S.B. #77512)
   GREGORY N. KARASIK (S.B. #115834)
6  SPIRO MOSS LLP
   11377 W.Olympic Blvd, 5th Floor
7  Los Angeles, CA 90064-1683
   Telephone:  (310) 235-2468
8  Facsimile: (310) 235-2456

9  SAHAG MAJARIAN II (S.B. #146621)
   THE LAW OFFICE OF SAHAG MAJARIAN II
10 18250 Ventura Boulevard
   Tarzana, California 91356
11 Telephone: (818) 609-0807
   Facsimile: (818) 609-0892

12 Counsel for Plaintiffs

13

14

15                 **UNITED STATES DISTRICT COURT**

16               **CENTRAL DISTRICT OF CALIFORNIA**

17

18  MUHAMMAD WAZEER, and            CASE NO.: CV 09-1227-VBF (FFFMx)
    KIMBERLY RODRIGUEZ,             Judge: Valerie Baker Fairbank
19  individually and behalf of others
    similarly situated,             Class Action
20
                  Plaintiffs,
21                                  **ORDER GRANTING FINAL
        vs.                         APPROVAL OF CLASS ACTION
22                                  SETTLEMENT AND AWARDING
                                    ATTORNEYS' FEES, LITIGATION
23  SOS SECURITY INCORPORATED,      EXPENSES AND
    a New Jersey Corporation, and DOES   CLASS REPRESENTATIVES
24  1 through 25, inclusive,        ENHANCEMENTS**

25                                  Date: August 23, 2010
                  Defendants.       Time: 1:30 p.m.
26                                  Courtroom: 9

27
                                            1
28      **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION
    SETTLEMENT AND AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES
             AND CLASS REPRESENTATIVES ENHANCEMENTS**

On August 23, 2010 at 1:30 p.m., the Court heard the following motions in the above-captioned matter: (1) Motion for Approval as a Class Action Settlement;(2) Plaintiffs' Motion for Award of Attorneys' Fees, Litigation Expenses and Class Representatives Enhancements. After reviewing the written submissions, and after hearing arguments of counsel, the Court finds and orders as follow:

(1)     All terms used in this order shall have the same meaning as defined in the Parties' Joint Stipulation of Class-Action Settlement Release, a copy which was filed with the Court.

(2)     This Court has jurisdiction over the subject matter of the Lawsuit and over Parties, including all Class Members.

(3)     Pursuant to the Court's October 29, 2009 order granting preliminary approval of class-action settlement the Court preliminarily certified the following classes for settlement purposes:

        A.     All individuals employed by Defendant as non-exempt guards in California at any time since January 13, 2005 to October 1, 2009 ("Guard Class");

        B.     All individuals employed by Defendant as non-exempt guards in California whose employment with Defendant ended at any time during the Class Period ("Terminated Guard Class").

(4)     On or about December 4, 2009 Notice Packets were mailed to each Class Member. The Notice Packet adequately informed the class of: (1) the pendency of the proposed class action Settlement; (2) all material terms of the proposed Settlement; and (3) the opportunity to be excluded from the proposed Class or otherwise objection to the Settlement.

(5)     On or about April 30, 2010 the Parties submitted a Stipulation re Modification of Class Action Settlement, Supplemental Notice to Class Members,

2

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES AND CLASS REPRESENTATIVES ENHANCEMENTS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

and Continuance of Hearing on Motion for Final Approval of Class Action

Settlement.  This Stipulation modified the schedule of the funding of the Settlement

to an eighteen month period and reissued notice to the Class giving Class Members

a second opportunity to opt out of the settlement. The Stipulation re Modification of

Class Action Settlement, Supplemental Notice to Class Members, and Continuance

of Hearing on Motion for Final Approval of Class Action Settlement was approved

by the Court on May 18, 2010.

(6)     On or about May 28, 2010, a Supplemental Notice and Request for

Exclusion were mailed to each Class Member. Alejandra Zarate of CPT Group,

Inc., the Claims Administrator, has filed a declaration and a supplemental

declaration with the Court concerning the dissemination of the Notice packets and

Supplemental Notice packets and the status of claims and objections.  The

Declarations demonstrate that this Court's orders have been complied with in

regard to the Notice Packets and preliminary approval of the Settlement and,

further, that the best notice practicable and possible under the circumstances was in

fact given and constituted valid, due, and sufficient notice to members of the Class,

complying fully with all applicable statues and laws.

(7) The supplemental declaration of Alejandra Zarate indicates that, as of the

time of the execution of said declaration, a certain number of claims have been

received on an untimely basis. This Court hereby orders that any untimely claims

received by the claims administrator prior to the date of this order may be paid.  No

other untimely claims will be paid.  Any Class Member who submits additional

untimely claims will nonetheless be bound by the terms of the Settlement and this

Order.

(8)  The Court finds that the settlement was the product of protracted, arms'-

length negotiations between experienced Counsel, assisted by a respected mediator.

3

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES AND CLASS
REPRESENTATIVES ENHANCEMENTS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Court finds that the settlement is fair, reasonable, adequate, and in the best interests of the Class and hereby grants final approval to the Settlement.   In so doing, the Court has thoroughly considered such factors as the strength of Plaintiffs' risk, expense, complexity, and likely duration of further litigation, the risk of maintaining class-action status throughout the trial; the amount offered in settlement; the extent of discovery completed on the stage of the proceedings; experience of counsel; and the reaction of the Class Members to the proposed Settlement. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026, (9th Cir. 1998). Plaintiffs and Defendant are ordered to carry out the terms of the Settlement.

(8) Defendant shall pay the claims presented by the claim procedure described in the Stipulation re Modification of Class Action Settlement filed with the Court on April 30, 2010 and approved by the Court on May 18, 2010. Defendant shall have no further liability for costs, and expenses, interest, attorneys' fees, or for any other charge, expense, or liability except as provided in the Settlement and as Modified by the Stipulation re Modification of Class Action Settlement filed with the Court on April 30, 2010.

(9) The named plaintiffs, Muhammad Wazeer and Kimberly Rodriguez, are bound by their release and waiver set forth in paragraph 41 of the Settlement in this Final Order, which Final Orders shall have the force and effect of res judicata as to them.

(10) The Class is bound by the release and waiver set forth in Paragraph 40 of the Settlement and this Final Order, which Final Order shall have the force and effect of res judicata as to them.

(11) The Settlement is not an admission by Defendant nor is this Final Order a finding of a validity of any claims in the Lawsuit or any wrongdoing by the Defendant. In addition, the Settlement is not an admission nor is this Final Order a

4

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES AND CLASS REPRESENTATIVES ENHANCEMENTS**

finding that the certification of the Class is proper for any purpose or proceeding other than for settlement purposes in the present case.  Furthermore, neither the Settlement nor any document, statement, preceding, or conduct related to the Settlement, nor any reports or accounting of those matters, will be (1) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Defendant, including, but not limited to, evidence of presumption, confession, indication or admission by the Defendant of any liability, fault, wrongdoing, omission, concession or damage or (2) disclosed referred to or offered in evidence against Defendant, and any further proceeding in the Lawsuit, or any other civil, criminal or administrative action or preceding except for purposes of effectuating the Settlement. The Settlement may be admitted in evidence and otherwise used in any other proceeding to enforce any or all terms of the Settlement, or in defense of any claims released by the Settlement.

(12) Concurrently with the Motion for Final Approval of Class Action Settlement, Plaintiffs filed a Motion for Award of Attorneys' Fees, Litigation Expenses and Class Representative Enhancements, requesting award of attorney fees in the amount of $300,000, litigation expenses in the amount of $5,890.16, and Class Representative Enhancement payments of $5,000 to Plaintiff Muhammad Wazeer and $5,000 to Plaintiff Kimberly Rodriguez.   This motion is granted.  The Court finds that the proposed enhancement payments to Plaintiffs are reasonable in light of the service they performed on behalf of the Class and the risks they undertook in bringing the Lawsuit. The Court further notes that no Class Member has objected to the proposed award of enhancement payments to Plaintiffs. With respect to Plaintiffs' request for an award of attorney's fees and litigation expenses, the Court makes the additional findings of fact and conclusions of law.

    a)     Findings of Fact

    1)     Class Counsel skillfully advanced novel and untested legal theories on

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES AND CLASS REPRESENTATIVES ENHANCEMENTS**

a contingent fee basis at the risk of obtaining no recompense, and their efforts resulted in a substantial recovery for the Class.

2)      As set forth in the declarations from Class Counsel, they incurred litigation expenses in the amount of $5,890.16 ($5,013.86 by Gould and Associates and $876.30 by Spiro Moss).

3)      Defendant has no objection to awarding Class Counsel the full amount of $5,890.16 in litigation expenses as requested by Class Counsel.

4)      The amount of attorney's fees requested by Class Counsel ($300,000) comports with the benchmark set by the Ninth Circuit of 25% of the gross settlement amount in common fund cases – the gross settlement amount in this case is $1,200,000.

5)      No reason warrants an upward or downward adjustment of the 25% benchmark for attorney's fees in this case.

6)      The amount of fees requested by Class Counsel fairly and reasonably compensates them for their work on this case based on the number of hours they devoted to this case, and their regular hourly rates for the purpose of lodestar calculations, as set forth in the declarations from Class Counsel.

7)      Defendant has no objection to awarding Class Counsel the full amount of $300,000 in attorney's fees as requested by Class Counsel

b)      Conclusions of Law

1)      The provisions in the Settlement authorizing awards to Class Counsel of attorney's fees in the amount of $300,000 and costs in the amount of $5,890.16 are fair and reasonable under Rule 23(e)(3) of the Federal Rules of Civil Procedure;

2)      Awards to Class Counsel of $300,000 in attorney's fees and $5,890.16 in costs are authorized by law or the parties' agreement and are reasonable under Rule 23(h) of the Federal Rules of Civil Procedure.

6

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES AND CLASS REPRESENTATIVES ENHANCEMENTS**

1

       (13) The Court approves claims administration costs of $17,354.92 to CPT

2

Group, Inc. for their services as claims administrator.

3

4

**IT IS SO ORDERED.**

5

6

7

Dated:  August 23, 2010

          _Valerie Baker Fairbank_

8

_____

          Hon. Valerie Baker Fairbank

9

          U.S. District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

7

28

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES AND CLASS REPRESENTATIVES ENHANCEMENTS**

1